This case on Ms. Bernice Dockett is the case of Cecil of the State of Illinois v. Scott Winchester We have Mr. Robert Burke for the appellant and we have Mr. Tim Ting for the appellee and you may proceed with your preparations. Mr. Burke May it please the Court, I'm Robert Burke with the Office of the State Appellate Defendant Counsel for Mr. Winchester I'm arguing today on behalf of Mr. Winchester We're asking this Court to vacate the sentence imposed and remand the case for a new sentencing hearing Your Honors A man has a right to defend his dwelling A man has a right to defend others such as his girlfriend or wife and child or her children A man has a right to defend himself if he's attacked Mr. Winchester was attacked When he chased the intruder, Mr. Dudman outside Mr. Dudman punched him in the face, this is all at 2 o'clock in the morning and a fight ensued The reason I bring that up is that is very close to having legal justification for everything that happened Now I know that Mr. Winchester pleaded guilty to involuntary manslaughter admitting that he didn't have justification but the State also at the same time agreed that this was an unintentional homicide this was an unintentional killing The standard for reversing the trial judge is whether he abused his discretion Now when I think about abuse of discretion I think about the standard in the National Football League for overturning an instant replay That standard is there has to be clear indisputable visual evidence that the ruling should have gone the other way I believe there's clear indisputable evidence that Judge Speroni was out of bounds First of all, I don't understand how it is that Mr. Winchester got an extended term This is a class 3 felony for which I think it was 2 to 5 Now I haven't had a chance to see the record yet I'm going to take a look at it when I get a hold of a briefing counsel who made copies and to see how it is that he got an extended term Obviously the person that prepared the brief for your client saw the record, right? Yes Now I don't know what is up with that because none of the briefs cite the specific statute that allowed the court to impose extended term So I don't know how that happened But I do know that this is very close to having legal justification for the fight that ensued and during the fight, there's no referee during the fight There's no referee at 2 o'clock in the morning in the yard A homicide occurred We admit that it was without justification although I think it's close The state admits that it was unintentional They first charged him with first degree murder though Oh yes, also second degree murder This was a negotiated plea Pardon me? This was a negotiated plea Exactly, Your Honor That's why I say that The state gave up the charge of first degree murder issue and your client gave up the justification issue Yes But still, the sentencing hearing, the judge is allowed to consider other factors of mitigation and I don't think that the judge properly considered the closeness of the evidence in this case That's why we're asking the court to remand it for a new sentencing hearing Are there any questions? You raised issues that the court didn't consider hardship but the trial court said obviously the situation will have an impact on Mr. Winchester's family and children So that's hardship to the family That's the words of the trial court in the record You also said it didn't consider remorse and on page 118 of the record Mr. Winchester did accept responsibility and I believe he has remorse So how can you raise those two issues when those words come out of the judge's mouth? Your Honor, I believe those issues can be raised just in arguing abusive discretion But you said it didn't consider The other one was responsibility and the judge's words are Mr. Winchester did accept responsibility Well, Your Honor, certainly those words were spoken but I believe that it could be argued that the judge done properly considered those factors But even though he said there is remorse that he didn't properly consider that or else he would not have given a nine-year sentence for this blasphemy felony Thank you, Your Honor Thank you We have the opportunity for rebuttal Mr. Tang Mr. Chapman, Your Honor, police and court My name is Timothy James Tang and I represent the people of the state of Illinois Your Honor, in my time before you I will show you why the trial court's sentence should be upheld as it was not an abusive discretion Your Honor, to begin I will address the fact that this present case do invoke sympathy for the defendant There is certainly something to be said about a man having a right to defend himself his girlfriend, their unborn child and Mr. Burke stated as such But there is a point where defense is no longer a justification where it crosses the line between just being defense and becoming an attack And that is what we have here And while the present case does invoke some sympathy we have to understand that at the end of the day the defendant killed him He took another man's life and he left himself open to the trial court's sentencing discretion Let's briefly address the question of how it became extended term eligible It became extended term eligible because of the serious nature of the offense And you can find that on page 98 of the record The statute that shows extended term eligibility from 5 to 10 years instead of 2 to 5 for class 3 of involuntary manslaughter is found in the statute 730 ILSC S 5-5-4.5-40 of the criminal code Now Your Honors, as it states First of all Wouldn't all first degree murders be serious? Absolutely, Your Honors There's something to be said about all murders being serious But there is that extra special caveat for murders that go above and beyond just taking a life to the point where that life has been taken in such a wanton, willful, cruel manner But he pled to involuntary manslaughter He had an open plea He pled for involuntary manslaughter Yes, but extended term eligibility came because of the act, the seriousness of the act and how it was portrayed Let's look at the record for a moment just to see what type of crime this was The medical examiner said that the victim, David had died from, and I quote Blunt cranial, cerebral, and cervical trauma as you can find on page 46 of the record The next-door neighbor, Michael Armour actually witnessed the event and he stated and testified that the victim was laying defenseless on the ground and while he was laying defenseless on the ground the defendant repeatedly kicked him in the face, the skull area, and around the body as you can find again on page 46 of the record Officer Whitehead, who is the on-scene officer testified that the victim was unrecognizable when he first arrived on the scene as you can find on page 74 and 75 of the record I'd also point you to the exact exhibits that the people submitted, people's exhibits One, and two, Carol Page, the victim's mother stated, and I quote David didn't deserve to die the way he died Scott Winchester kicked and beat my son's head in so bad I couldn't even recognize David when I went to the hospital to see him Scott Winchester kicked him so bad he made his brain mush You can find that on page 109 of the record Surely, if the victim's own mother could not recognize his face surely this is the crime in which the seriousness of the offense goes above and beyond merely taking another man's life The victim lay helpless on the ground and the defendant repeatedly kicked and stomped on his skull Now, as Justice Wexton stated the trial court, there are three elements which the defense has raised in the brief as far as being not considered by the trial court Those specifically are the mitigating factors of family ties the mitigating factors of remorse and the mitigating factors of the defendant's provocation by the victim But as Justice Wexton stated, and aptly noted the trial court actually specifically addressed every one of these mitigating factors I would point you to the record on page 112-113 where the trial court states obviously this will have an impact on Mr. Winchester's family and children and that's a given in these types of cases but what the court is required to do is look at the process, a follow-up process so that the court can make an appropriate sentencing determination based on the facts of the case the charge to which the defendant pleaded guilty in the case and to the – and based on the character of the defendant and to consider all things that the court is supposed to consider in making the determination So the court actually did consider the defendant's family ties and then it looked at the low rehabilitative potential of the defendant This is a case where the defendant had already refused a urine test in 2007 for probation as you can find in 117 of the record This is a case where the defendant actually had a second jumpsuit while he was incarcerated pending judgment on this case Do you think that's a relevant factor? That the facts support the judge's reliance upon having a second jumpsuit in jail? Absolutely, Your Honor and the reason being because if a prisoner has a second jumpsuit the trial court said he doesn't know what happened and the trial court admits as much on page 117 and 118 He could have had the second jumpsuit just because he had a second jumpsuit and wanted to prepare his clothes but just as easily it could have been inferred that if the defendant had a second jumpsuit that he could escape and the trial court notes that As he stated, the trial court says regardless and I quote it's not something he should have had and it's very indicative of what the future might hold and what we might expect from him in the future page 118 of the record Again, I would point this court to what the court unquestionably can consider which is the defendant's prior criminal history Here he has two battery convictions in 1999 and 1991 I would point this court to People v. Goethe in which a 34-year sentence for murder was properly appropriate given the circumstances of the defendant's criminal history where he had two battery convictions Again, the defendant states that the brutal nature of the crime the past actions of the crime don't necessarily reflect on the sensitive nature of this case but again, I would point this court to the trial court's own words on page 119 The court, in this case, having considered everything nature and circumstances, history, character, condition the court is of the opinion Mr. Winchester's imprisonment is necessary for the protection of the public How do you get a second jumpsuit while you're incarcerated? Absolutely no idea There's no indication how he could have gotten that second jumpsuit Somebody had to give it to him upon request and he says he was cold, right? Absolutely, that's what his statement is But we can't know that The record shows that he clearly was not supposed to have that jumpsuit And neither could the trial court I'm sorry? Neither could the trial court, no No, the trial court states specifically that he was not required The trial court certainly is in the best position to know what the jailing procedures are in that particular county And the trial court said specifically, and I quote It's not something he should have had The trial court is presumed to understand what the jailing procedures are what the activities within its own court system would have It's believed, and the trial court specifically noted It was not something he should have had He should not have had that jumpsuit But regardless, even if we omit that, even if we exclude the consideration of the second jumpsuit We still have the violent nature of the crime, the serious nature of the crime The prior criminal history of the defendant And again, I would point this court to the provocation of the defendant And how in actuality, it is only mitigating to a certain extent The trial court's words, I think best appropriate this particular sentence And I would quote With respect to the statutory mitigating factors, the court would find the following The mitigating factor number three, i.e. the defendant acting under a strong provocation Is present, but only to a point When the facts are considered, it's indicated that entry was made into the home Where Mr. Winchester was But the fact of the matter remains The incident that resulted in Mr. Dudman's death occurred outside the residence Mr. Winchester, of course, chose to go out there where the confrontation occurred You can find that on page 114 of the record This is certainly not unprecedented I would point this court specifically to Lewis In which the Lewis defendant was beaten by the victim in a bar The defendant then left the bar, returned later, and then beat and killed the victim and shot him to death And the Lewis court said that sentence was appropriate for the Lewis defendant Given the fact that the defendant willfully chose to go back and return to the scene of confrontation It is the exact same factors here The victim here was leaving the house He was fleeing the house And the defendant was running after him The defendant, therefore, hit the defendant They got into a fist fight And again, what we have from the testimony of Michael Armour The next-door neighbor who witnessed this event Is that the defendant overpowered the victim The victim was laying helpless on the ground The fight was over There was no indication of self-defense at that point That is when the justification of self-defense can no longer apply Because at that point, the defendant became the attacker And not only did he become the attacker with a violent nature He became the attacker to such an extent That his own mother, the victim's own mother, could not recognize him Surely, a trial court sentence and a discretion should be upheld When the trial court didn't even give the defendant the maximum term Which would have been 10 years The defendant received 9 years for this crime It was within the statutory range and bad finish, Your Honor Yes, Your Honor It was within the statutory range It was not an abuse of discretion I thank you for your time and your consideration Thank you, Mr. King Mr. Burke, do you have a rebuttal? Your Honor, I don't believe that it's appropriate for the state to argue now That this was an attack when they agreed down below That this was an unintentional homicide Unintentional and attack are two different things Attack implies that it was intentional Mr. Dudman was the initial aggressor That's what matters Then there was a fight Sometimes things happen in a fight Things go too far in a fight The state admitted below this was an unintentional killing Are there any questions, Your Honor? No Thank you both for your arguments and reasonable opinion And your time